EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil bond forfeiture case.
Mr. Caldwell, the former husband, was required by a 1985 consent judgment to post a $2,000 cash bond with the register, payable to the former wife, Mrs. Fisk, conditioned upon Caldwell’s performance of each aspect of the judgment. In the present proceedings, Fisk moved that the bond be forfeited because of Caldwell’s noncompliance with the 1985 judgment in that he intentionally refused treatment as recommended by his psychiatrist, and that he had not cooperated with the psychiatrist as ordered by the trial court. The bond was forfeited to the extent of $1,000 by the trial court’s final judgment. Caldwell appealed and contends through his able counsel that the trial court erred in rendering the bond forfeiture judgment because the trial court heard no evidence as to the truth or falsity of the allegations concerning the bond forfeiture.
The transcript of the hearing before the trial court convinces us that, through an agreement or stipulation made in open court, the question of whether the bond should be forfeited in whole or in part was submitted to the trial court for its determination and for the entry of a judgment after the trial court had read various specific letters, documents, or reports from the psychiatrist and two psychologists. Accordingly, the trial court took that aspect of the case under advisement and later entered the partial forfeiture of the cash bond.
There was an agreement or stipulation of the parties and their counsel concerning the submission of the bond forfeiture for a final judgment upon specific documentary evidence. It was made in open court by the attorneys in the presence of both parties. It was binding upon them. Rule 47, Alabama Rules of Appellate Procedure. Those designated instruments constituted the evidence in the case, and both parties were debarred from introducing other evidence. C. Gamble, McElroy’s Alabama Evidence § 472.01(4) (3d ed. 1977). The trial court did not err in deciding the issue without further evidence being presented to it because its decision was rendered pursuant to the provisions of the agreement or stipulation. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.